

## UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

**FILED**

October 16, 2020 11:14 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc  SCANNED BY: TB 10/19/20

JONATHAN KING MEYER
    Plaintiff Pro Se

V.

ALLEGAN COUNTY,
STATE OF MICHIGAN,
KEVIN CRONIN, and ROBERTS KENGIS,
    Sued in their official capacities, and
KEVIN CRONIN and ROBERTS KENGIS,
    Sued in their individual capacities,
    Defendants.

Case No.

Hon.

Magistrate Judge.

**1:20-cv-989**

**Robert J. Jonker**
**Chief U.S. District Judge**

## VERIFIED COMPLAINT WITH JURY TRIAL DEMAND

Plaintiff Jonathan King Meyer
228 North State Street
Zeeland, Michigan 49464
(616) 510-0106
JonKMeyer@charter.net

Defendant State of Michigan
C/O AG Dana Nessel
525 W. Ottawa St.
Lansing, Michigan 48993
(517) 335-7622
Miag@michigan.gov

Defendant Roberts Kengis
113 Chestnut Street
Allegan, Michigan 49010
Rkengis@allegancounty.org

Defendant Allegan County, Michigan
113 Chestnut Street
Allegan, Michigan 49010
(269) 673-0300
BGenetski@allegancounty.org

Defendant Kevin Cronin (P-38915)
2371 130th Ave,
Hopkins, Michigan 49328

## INTRODUCTION

This is a civil rights action filed by Jonathan King Meyer, a former prisoner and parolee, who was incarcerated from January 12, 2012 until his release from parole on January 21, 2020. The Plaintiff seeks damages under 42 U.S.C section 1983, alleging that the Defendants violated his Civil Rights, including the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Eleventh Amendments of the United States Constitution, by requiring Plaintiff to wear a global positioning satellite electronic monitoring tether on his ankle, while he was not on probation, parole, bail, bond, or other government supervision.  Plaintiff seeks both compensatory and punitive damages.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. Sections 1331 and 1343.

2. The venue properly lies in this District pursuant to 28 U.S.C. Section 1391, because the events giving rise to this cause of action occurred in Allegan County, Michigan, which is located in the Western District of Michigan, Southern Division.

## PARTIES

3. The Plaintiff, Jonathan King Meyer, is a United States Citizen. Meyer is not on probation, parole, or other supervised release.  He resides at 228 N. State Street in Zeeland, Michigan.

4. Defendant Allegan County is a County in Michigan, where the 48th Judicial Circuit is located. The clerk of Allegan County is Bob Genetski, 113 Chestnut Street, Allegan, Michigan 49010.

5. Defendant State of Michigan employed and supervised the 48th Judicial Circuit. Dana Nessel is the Attorney General for Michigan, 525 W. Ottawa St., Lansing, Michigan 48909.

6. Defendant Kevin Cronin was the 48th Judicial Circuit Court Judge who sentenced the Plaintiff in 2012, and illegally resentenced him in 2013. Defendant Cronin is sued in his official and individual capacities. Defendant Cronin is not subject to judicial immunity under Federal Law. His last known address is 2371 130th Ave, Hopkins, Michigan 49328.

7. Defendant Roberts Kengis is the current 48th Judicial Circuit Court Judge. Defendant Kengis is sued in his official and individual capacities. Defendant Kengis is not subject to judicial immunity under Federal Law. His address is 113 Chestnut, Allegan, Michigan 49010.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. The Plaintiff is no longer a prisoner or parolee, and therefore is not subject to the Prisoner Litigation Reform Act, 42 U.S.C. Section 1997e.

## PREVIOUS LAWSUITS BY PLAINTIFF

9. The only other action related to the events in the instant complaint are a Circuit Court suit, involving the same facts here but filed while the Plaintiff was off parole and still on GPS tether. This was Allegan Circuit Court case No. 20-62859-CZ, which has been dismissed.

## FACTS

10. Plaintiff Jonathan Meyer pled guilty on May 14, 2012 in the 48th Circuit Court before the Defendant Kevin Cronin to a single count of first-degree criminal sexual conduct.

11. In exchange for his plea, the remaining two (2) charges were dismissed.

12. Plaintiff admitted to having sexual contact with a teenage employee of his company.

13. The Plaintiff's Presentence Report (PSI) reflected that the victim was not under the age of thirteen (13).

14. The Plaintiff's MDOC Verification of Incarceration is attached. (Exhibit A)

15. Sentencing occurred on September 10, 2012, where a Judgement of Sentence was issued.

16. The Defendant Cronin sentenced the Plaintiff to six (6) to twenty (20) years in prison.

17. The Plaintiff's original Judgement of Sentence (JOS) was entered on September 10, 2012[1]. (Exhibit B)

18. Box #11 on the JOS is utilized for persons requiring "Lifetime Monitoring" pursuant to MCL 750.520n. (Exhibit B)

19. Box #11 was not checked on the Plaintiff's original Judgment of Sentence. (Exhibit B)

20. On February 12, 2013, then acting Judge Kevin Cronin entered an Amended Judgment of Sentence, without any motion or notice to the Plaintiff, which added the following: "*The defendant is subject to lifetime monitoring under MCL 750.520n.*" (Exhibit C)

21. At no time was the Plaintiff or his attorney of record notified of any hearing by the Allegan Circuit Court for resentencing, which is required by the Michigan Court Rule 2.107.

22. At no time was the Plaintiff returned to the 48th Judicial Circuit Court for resentencing.

23. At no time was the Plaintiff notified of any Amended Judgment of Sentence before July 11, 2019. (Exhibit D)

24. Plaintiff paroled on January 18, 2018, from the Cooper Street Correction Facility in Jackson. (Exhibit E)

25. Nowhere on Plaintiff's parole documents is "Lifetime Electronic Monitoring" stated. (id.)

---

[1] This was a clerical error on behalf of the Court. Plaintiff was sentenced on Monday, September 10, 2012. All official documents show that it was September 10, 2012.

4

26. On July 11, 2019, the Plaintiff was making preparations for his discharge from parole when Parole Agent James Wilson (MDOC/Ottawa) informed the Plaintiff that he was now subject to Lifetime Monitoring, due to an Amended Judgement of Sentence.

27. The following day, the Plaintiff did obtain a copy of the "Amended Judgment of Sentence" from the Allegan Circuit Clerk's office. (Exhibit C)

28. The Plaintiff also received copies of the Michigan v. Birman (09-016590-FC) case, where Allegan County also resentenced Birman without notice. (Exhibit F)

29. The Birman matter was also a 1st degree CSC, and like Plaintiff's case, the victim was not under 13, so there was not Lifetime Electronic Monitoring requirement at sentencing.

30. The Plaintiff filed a motion to correct an invalid sentence on July 12, 2019. (Exhibit G)

31. On July 16, 2019, the Allegan County Assistant Prosecutor notified the Michigan Attorney General's office about the tether matter. (Exhibit H)

32. The Plaintiff a had a hearing on October 10, 2019, with Defendant Robert Kengis.

33. Defendant Kengis instructed Plaintiff to re-file his motion with the Michigan Attorney General.

34. On November 21, 2019, the Michigan Attorney General's office sent the Plaintiff a letter regarding the integrity of his conviction. (Exhibit I)

35. On November 26, 2019, Plaintiff reached out to the Michigan Attorney General's office via email.

36. Robyn Frankel from the AG's office acknowledged the problem, and suggested the Plaintiff file with both the Lansing AG's Office, as well as the Detroit AG's office.

37. At a hearing before Judge Roberts Kengis on January 15, 2020, Kengis admitted on the record that "...the Supreme Court also noted that the Court should not sua sponte amend its judgment of sentence." (Exhibit J)

38. On January 16, 2020, Defendant Kengis issued an Order which rescinded an Order sealing the file from April 19, 2012. This was done sue sponte, without any motion or hearing. (Exhibit K)

39. On January 17, 2020, Plaintiff Meyer filed a Motion for Reconsideration, which also included Michigan Department of Corrections parole documents showing that the MDOC was not aware of the amended judgment of sentence and lifetime electronic monitoring requirement (Exhibit L).

40. Plaintiff satisfied his obligation to the State of Michigan, and was discharged from parole on January 21, 2020. (Exhibit M)

41. On January 21, 2020, Plaintiff was still required to wear his Global Positioning Satellite Electronic Monitoring tether on his ankle, which he protested.

42. Plaintiff was informed by MDOC staff that he would be arrested for a Lifetime Electronic Monitoring violation and sent back to prison for removing his Global Positioning Satellite Electronic Monitoring tether from his ankle. (Exhibit N)

43. Plaintiff's Motion for Reconsideration was denied by Defendant Kengis on February 14, 2020. (Exhibit O)

44. Plaintiff filed a Leave to Appeal in the Michigan Court of Appeals on March 7, 2020. (Exhibit P)

45. On March 16, 2020, Plaintiff filed a civil suit in the Allegan Circuit Court (No. 20-62859-CZ), which the relief was to have a hearing and get the tether removed. (Exhibit Q)

46. On April 11, 2020, Plaintiff had to file a "Motion to Recuse" for Defendant Kengis, as he was assigned to the civil suit, but also was a witness in the matter. (Exhibit R)

47. On May 8, 2020, the Michigan Attorney General's office filed an appearance. (Exhibit S)

48. On June 22, 2020, the Michigan Court of Appeals issued an Order which vacated the February 14, 2020 Order. (Exhibit T)

49. On July 8, 2020, Roberts Kengis' law clerk, Preston Pietszak, replied to an email acknowledging the June 22, 2020 Court of Appeals Order. (Exhibit U)

50. On July 23, 2020, Allegan County Clerk Bob Genetski replied to an email stating that he has checked Plaintiff's "*court file and there was no paperwork from the Court of Appeals in his file.*" (Exhibit V)

51. Following the email, Plaintiff contacted the Clerk of the Court of Appeals in Grand Rapids.

52. The Clerk informed the Plaintiff that all records are sent electronically to from the Court of Appeals back to the Circuit Court, and she was going to reach out to the 48th Circuit Court Clerk and Bob Genetski directly.

53. On July 24, 2020, Bob Genetski replied to an email stating they had the Court of Appeals document. (Exhibit W)

54. On July 30, 2020, Defendant Kengis issued an Order directing the State of Michigan's Attorney General's office to file a response to Plaintiff's Motion for Reconsideration. (Exhibit Z)

55. On August 4, 2020, the Michigan Supreme Court clerk replied to an email from Plaintiff Meyer, inquiring about the situation. (Exhibit X)

56. On August 6, 2020, Jill Booth, the Region V State Court Administrator replied to an email from Plaintiff. (Exhibit Y)

57. Ms. Booth stated that the Allegan Court claimed that they did not receive the Court of Appeals Remand until July 24, 2020.

58. As shown in Plaintiff's Exhibit U, Defendant Kengis' law clerk acknowledged the presence of the COA Remand back on July 8, 2020. (Exhibit U)

59. On September 10, 2020, The Michigan Attorney General's office filed a Response to the July 2020 Order. (Exhibit AA)

60. On September 22, 2020, Defendant Kengis entered an order which vacated the February 2013 Amended Judgement of Sentence. (Exhibit BB)

61. On September 28, 2020, the Plaintiff received a copy of the Order, and contacted the Michigan Department of Corrections Lifetime Electronic Monitoring Agent, A. Freeman.

62. On September 29, 2020, at 12:00pm, Meyer removed his Global Positioning Satellite monitor from his ankle.

63. The Plaintiff was forced to wear the Global Positioning Satellite Electronic Monitor tether for over two hundred and fifty days, while he was not on probation, parole, or other government supervision. (Exhibit D)

64. Plaintiff Meyer has spent thousands of dollars and spent hundreds of hours to get relief in the instant matter.

65. Plaintiff Meyer endured both physical and emotional pain and suffering by being required to wear a GPS tether while not on government supervision.

## Claims for Relief

### I. Denial of Due Process

66. Defendants Allegan County, State of Michigan, and Kevin Cronin denied Plaintiff Jonathan Meyer his due process by:

   A. Resentencing Plaintiff without notice.

   B. Resentencing Plaintiff without a hearing.

   C. Resentencing Plaintiff without notifying his attorney of record.

   D. Resentencing Plaintiff without notifying the Michigan DOC.

The Fifth Amendment of the United States Constitution states:

*"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."*

Defendant(s) consciously, deliberately, and willingly violated Plaintiff Meyer's Due Process Rights, which is protected by the Fifth and Eleventh Amendments of the United States Constitution, and is forbidden under Federal Law.

### II. Cruel and Unusual Punishment

67. Defendants Allegan County, State of Michigan, Kevin Cronin, and Roberts Kengis, subjected Plaintiff to Cruel and Unusual Punishment by:

   A. Requiring Plaintiff to wear a Global Positioning Satellite Electronic Monitoring Device on his ankle after he finished his sentence and parole.

B.  Requiring Plaintiff to wear a Global Positioning Satellite Electronic Monitoring Device on his ankle while he was not on probation.

C.  Requiring Plaintiff to wear a Global Positioning Satellite Electronic Monitoring Device on his ankle when he is not on bond or out on bail.

D.  Requiring Plaintiff to wear a Global Positioning Satellite Electronic Monitoring Device on his ankle without a search warrant.

E.  Enforcing an illegal judgment of sentence, which all parties knew violated Plaintiff's Federally Protected Rights as a United States Citizen.

The Eighth Amendment of the United States Constitution states:

*"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."*

Defendant(s) consciously, deliberately, and willingly subjected Plaintiff Meyer to Cruel and Unusual Punishment, which clearly violates by the Eighth Amendment of the United States Constitution, and is forbidden under State and Federal Law.

### III.   Illegal Search and Seizure

68. Defendants Allegan County, State of Michigan, Kevin Cronin, and Roberts Kengis subjected an illegal search, as defined by the United States Supreme Court, by:

A.  Requiring Plaintiff to wear a Global Positioning Satellite Electronic Monitoring Device on his ankle after he finished his sentence, including parole.

B.  Requiring Plaintiff to wear a Global Positioning Satellite Electronic Monitoring Device on his ankle while he was not on probation.

10

C. Requiring Plaintiff to wear a Global Positioning Satellite Electronic Monitoring Device on his ankle when he is not on bond or out on bail.

D. Requiring Plaintiff to wear a Global Positioning Satellite Electronic Monitoring Device on his ankle without a search warrant.

E. Enforcing an illegal Judgement of Sentence, which all parties knew violated Plaintiff's Federally Protected Rights as a United States Citizen.

The Fourth Amendment of the United States Constitution states:

*"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."*

Defendant(s) consciously, deliberately, and willingly subjected Plaintiff Meyer to an illegal search of his person, which clearly violates by the Fourth Amendment of the United States Constitution, and is forbidden under State and Federal Law.

## **Relief Requested**

Wherefore, the Plaintiff requests the following relief:

69. Award compensatory damages in the amount listed below against the following Defendants for the Due Process Civil Rights Violations:

A. Defendant Allegan County in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

B. Defendant State of Michigan in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

C. Defendant Kevin Cronin in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

70. Award compensatory damages against the following Defendants for Subjecting Plaintiff to Cruel and Unusual Punishment:

A. Defendant Allegan County in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

B. Defendant State of Michigan in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

C. Defendant Kevin Cronin in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

    D. Defendant Roberts Kengis in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

71. Award compensatory damages against the following Defendants for Subjecting Plaintiff to an <u>Illegal Search</u> of his person:

    A. Defendant Allegan County in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

    B. Defendant State of Michigan in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

    C. Defendant Kevin Cronin in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

    D. Defendant Roberts Kengis in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

72. Award punitive damages against the following Defendants as fair and just under the circumstances, by the trier of fact including, but not limited to mental anguish, humiliation, embarrassment, loss of social pleasure and enjoyment, for the Due Process Civil Rights Violations:

D. Defendant Allegan County in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

E. Defendant State of Michigan in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

F. Defendant Kevin Cronin in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

73. Award punitive damages against the following Defendants as fair and just under the circumstances, by the trier of fact including, but not limited to mental anguish, humiliation, embarrassment, loss of social pleasure and enjoyment by subjecting Plaintiff to Cruel and Unusual Punishment:

E. Defendant Allegan County in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on

14

his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

F.  Defendant State of Michigan in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

G.  Defendant Kevin Cronin in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

H.  Defendant Roberts Kengis in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan per the legal sentence.

74. Award punitive damages against the following Defendants as fair and just under the circumstances, by the trier of fact including, but not limited to mental anguish, humiliation, embarrassment, loss of social pleasure and enjoyment for subjecting Plaintiff to an Illegal Search of his person:

E.  Defendant Allegan County in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan.

F.  Defendant State of Michigan in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan.

G.  Defendant Kevin Cronin in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan.

H.  Defendant Roberts Kengis in the amount of $5,000.00 per day that Plaintiff was required to wear the Global Positioning Satellite Electronic Monitoring Device on his ankle after he satisfied his commitment to the State of Michigan.

75. Grant such other relief as it may appear the Plaintiff is entitled.

76. Plaintiff respectfully requests that this Honorable Court examine the Constitutionality of Michigan's Lifetime Electronic Monitoring program for sex offenders who are not on probation, parole, bail, bond, or other government supervision.

Respectfully Submitted,

Jonathan King Meyer
Plaintiff Pro Se
228 North State Street
Zeeland, Michigan 49464
(616) 510-0106
JonKMeyer@charter.net

Dated this 16 day of October, 2020.

16

## JURY TRIAL DEMAND

Plaintiff respectfully request a trial by jury for the claims set forth above.

Jonathan King Meyer
Plaintiff Pro Se
228 North State Street
Zeeland, Michigan 49464
(616) 510-0106
JonKMeyer@charter.net

Dated this 16 day of October, 2020.

## VERIFICATION

STATE OF MICHIGAN

COUNTY OF OTTAWA

Jonathan King Meyer, being duly sworn says: I am the Plaintiff to the above encaptioned lawsuit. I have read the above Verified Complaint and know that the contents of these documents to be true of my own knowledge.

Jonathan King Meyer
Plaintiff Pro Se
228 North State Street
Zeeland, Michigan 49464
(616) 510-0106
JonKMeyer@charter.net

Dated this 16 day of October, 2020.

STATE OF MICHIGAN

COUNTY OF OTTAWA

The foregoing instrument was acknowledged before me this 16 day of October, 2020, by Plaintiff Jonathan King Meyer of Zeeland, Michigan.

Notary Public

NATALIE I. VANDERZWAAG
Notary Public, Ottawa County, MI
My Commission Expires 11/06/2022
Acting in the County of Ottawa

18