UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

JONATHAN KING MEYER
    Plaintiff Pro Se

Case No.

V.

Hon.

ALLEGAN COUNTY,
STATE OF MICHIGAN,
KEVIN CRONIN, and ROBERTS KENGIS,
    Sued in their official capacities, and
KEVIN CRONIN and ROBERTS KENGIS,
    Sued in their individual capacities,
    Defendants.

Magistrate Judge.

# Plaintiff's Exhibit J

Plaintiff's Exhibit J is a copy of the January 15, 2020 hearing transcript. Note that Judge Kengis did agree that the previous Court did not have the authority to amend Plaintiff's Judgment of Sentence. Also note the Michigan Attorney General's response, knowing that the Plaintiff is about to get off of parole, and that the Plaintiff's civil rights were violated, as well as were going to be violated in perpetuity.

```
                    STATE OF MICHIGAN
              48TH CIRCUIT COURT (ALLEGAN COUNTY)

THE PEOPLE OF THE STATE OF MICHIGAN,

         Plaintiff,

v                                           File No. 12-17608-FC

JONATHAN KING MEYER,

         Defendant.
                                       /
```

MOTION HEARING

BEFORE THE HONORABLE ROBERTS A. KENGIS

Allegan, Michigan - Wednesday, January 15, 2020

APPEARANCES:

| | |
|---|---|
| FOR PLAINTIFF: | MS. ALISON FURTAW (P55893)<br>Attorney General's Office<br>3030 West Grand Boulevard, Ste 10-600<br>Detroit, Michigan 48202<br>(313) 456-3885 |
| FOR DEFENDANT: | MR. JONATHAN MEYER<br>In Pro Per |
| RECORDED AND<br>TRANSCRIBED BY: | Ms. Carley Dalke, CER 9355<br>Certified Electronic Recorder<br>(269) 673-0300 |

TABLE OF CONTENTS

WITNESSES:

None

EXHIBITS:

None

```
 1                    Allegan, Michigan
 2                    Wednesday, January 15, 2020- 4:10 p.m.
 3              THE COURT:  This is file number 12-17608 FC People
 4     of the State of Michigan verse Johnathan King Meyer. Present
 5     in court is the Defendant. Do you go by Mr. King Meyer, or
 6     just Meyer?
 7              MR. MEYER:  Just Meyer.
 8              THE COURT:  All right. Good afternoon, Mr. Meyer.
 9              MR. MEYER:  Good afternoon, sir.
10              THE COURT:  And also present from the Attorney
11     General's office is Assistant Attorney General Alison Furtaw.
12     Is that right?
13              MS. FURTAW:  That is correct, your Honor. Thank
14     you.
15              THE COURT:  Thank you. And we are here with regards
16     to a motion that was filed by Mr. Meyer to correct what he
17     views to be an invalid sentence. We were -- We had a previous
18     hearing back in October but the wrong prosecution entity was
19     served at that time so the matter was adjourned so.
20              I did urge Mr. Meyer at the last time that we were
21     here to read the Michigan Supreme Court case of People versus
22     Comer which did indicate that -- it's a 2017 case where the
23     Supreme, Michigan Supreme Court, held that electronic
24     lifetime monitoring is mandated for first degree criminal
25     sexual conduct except when the sentence is life without the
```

possibility of parole.

So I'd like you to address that Mr. Meyer if that's still your request that you think the sentence is invalid. Then you can tell me why you think the Comer case doesn't apply here. So I'll allow you to make your argument first and then Ms. Furtaw can respond. Go ahead.

MR. MEYER: Thank you, your Honor. After reviewing the case of Michigan versus Comer I agree with the part about the victim's age not being relevant and that first degree is first degree.

However, I also was able to find and included in our motion and brief where the Michigan Court of Appeals remanded the case back to the Trial Court to reinstate the October 8 judgement of sentence mostly because the Trial Court errored by correcting the Defendant's invalid sentence on its own initiative absent of a motion of any party.

And I find that is parallel with what is happening here where neither the Attorney General's Office nor myself filed a motion to correct and the Court did it sua sponte five months after the actual sentencing where -- excuse me, I feel that's in looking at the way that the Comer case kind of presents that is -- let me just, I'm not going to read verbatim but in the Comer case the Supreme Court states that they conclude that MCR 6.429 authorizes either party to seek correction of an invalid sentence upon which judgement has

1  been entered but the rule does not authorize a Trial Court to
2  do so sua sponte.
3      Finally the Court concluded that the Trial Court's
4  authority to correct an invalid sentence on its own
5  initiative ends upon the entry of the judgement of sentence.
6  So I feel that the original judgement of sentence which was
7  September 10, 2012 is the legal and binding one and that the
8  amended judgement of sentence was not. Thank you.
9      THE COURT: Thank you. Ms. Furtaw, your response?
10     (At 4:14 p.m., PolyCom disconnects)
11     THE RECORDER: She told me that they had connection
12 problems and that if this happened she would dial back
13 immediately.
14     THE COURT: Okay. And then we can put her on the
15 phone too if the PolyCom won't connect.
16     (At 4:15 p.m., PolyCom reconnects)
17     THE COURT: All right. Can you hear me, Ms. Furtaw?
18     MS. FURTAW: Your Honor, I'm sorry. We do
19 occasionally loose the connection but I heard everything and
20 it was just my turn to speak.
21     THE COURT: Correct.
22     MS. FURTAW: So just brief -- Just briefly not
23 necessarily yet addressing Defendant's claims on the merits.
24 A motion to correct an invalid sentence can be filled within
25 6 months after entry of the judgement. His 6 months had --

1  has lapsed under the court rules under MCR 7.-- excuse me one
2  second, MCR 6.429(b) then the proper remedy becomes a 6500
3  motion. So since so much time has elapsed, it's a 2012 case,
4  the Defendant is pursuing the wrong remedy and is required to
5  file a 6500 motion along with the appropriate transcript of
6  the sentencing which the People do not have.
7  So it is our belief that this is -- this motion is
8  not timely filed and should be denied on procedural grounds
9  and that Defendant must seek his relief by pursuing a 6500
10 motion.
11 THE COURT: All right. Just one moment. Let me
12 review the court file. I know that there is a time limit on
13 motions to correct a sentence but I would need to review
14 that.
15 MS. FURTAW: It's -- Just since I was speaking kind
16 of quickly, your Honor. It is MCR 6.429 both A and B. And I
17 read through it yesterday only because I respond to a lot of
18 6500 motions, which is I think why my boss asked me to look
19 at this, and I'm 100 percent positive that this is the
20 timeline for the motion to correct invalid sentence has
21 passed.
22 MR. MEYER: Your Honor, if I may?
23 THE COURT: Yes. Please go ahead.
24 MR. MEYER: Thank you. Myself the Defendant nor my
25 Counsel in the original case was ever notified that the --

1  that there was ever an amended judgement of sentence. MDOC
2  records will show that upon my parole in January of 2018 the
3  MDOC, the parole board, was unaware that lifetime monitoring
4  had been added at a later date.
5       It was not until July 11 of 2019 where Parole Agent
6  James Wilson from Ottawa County informed me that there was an
7  amended judgement of sentence in the case to which I
8  immediately the next day July 12th filed a motion to correct
9  the invalid sentence which was the day after I found out
10 about it.
11      So we're asking the Court for its mercy because I -
12 - I didn't know. I can assure the Court that I didn't know.
13 The MDIC records will support the fact that myself and the
14 parole board were unaware of this requirement. Thank you.
15      THE COURT: Thank you. Ms. Furtaw, any response to
16 that?
17      MS. FURTAW: Your Honor, basically we'd just ask
18 that -- I understand that the Defendant feels that he wasn't
19 aware that this was a requirement although it is in the
20 statute that it's a requirement. And I read that a clerical
21 mistake can be corrected by the Court on its own initiative
22 or by a motion.
23      Now obviously I've not had an opportunity to brief
24 the issue nut it's fairly common at the Attorney General's
25 office with the number of cases that we handle that if

1   there's a clerical mistake the Court will correct it and it's
2   not always necessarily by a motion. So that's court rule
3   2.612.
4        As to the Defendant finding out, I mean, that may
5   be something he can argue in his 6500 motion that he feels
6   his attorney didn't, you know, maybe he has an ineffective
7   assistance of counsel thing I don't know. But we have to
8   follow the court rules and so does the Defendant. So I'm not
9   saying he doesn't have a valid argument I'm just saying this
10  is not the mechanism by which to address this argument.
11       THE COURT: Thank you.
12       (At 4:20 p.m., PolyCom disconnects)
13       (At 4:20 p.m., PolyCom reconnects)
14       THE COURT: All right. I just wanted to refresh my
15  memory on the *Comer* decision because it certainly does stand
16  for the statement of law that lifetime electronic monitoring
17  would apply to this sentence. But the Supreme Court also
18  noted that the Court should not sua sponte amend its
19  judgement of sentence.
20       But I do also agree with the Attorney General's
21  argument that MCR 6.429 indicates that this motion to correct
22  an invalid sentence filed by Mr. King Meyer is untimely filed
23  and the court rule doesn't provide for any exception to the
24  rule that would allow the motion to be filed untimely because
25  Mr. Meyer didn't know about the -- the amended judgement. And

8

1  I don't have any way by the court file to know whether he was
2  notified through the Department of Corrections or not.
3  And so therefore the Court is going to deny the
4  motion to correct the invalid sentence based upon MCR
5  6.429(b). But as the Court will indicate to Mr. Meyer you do
6  have an opportunity to pursue what the Attorney General
7  referred to as a 6500 motion. That is based upon the court
8  rule MCR 6.500 which does provide other avenues of relief.
9  But at this point the Court is going to deny the motion based
10  upon the failure to comply with MCR 6.429(b). And Ms. Furtaw,
11  you're welcome to submit an order to the Court for approval.
12  MS. FURTAW: Yes, your Honor. Thank you.
13  THE COURT: Thank you.
14  MS. FURTAW: I will do so.
15  THE COURT: We're adjourned.
16  MR. MEYER: Thank you.
17  THE COURT: Thank you.
18  (At 4:25 p.m., proceedings concluded)

    I certify that this transcript, consisting of 10 pages, is a complete, true, and correct transcript of the Motion Hearing and testimony taken in 12-17608-FC this on Wednesday, January 15, 2020.

Date: March 10, 2020         *Carley Dalke* (signature)

                                       Carley Dalke, CER-9355
                                       Certified Electronic Recorder
                                       48th Circuit Court
                                       113 Chestnut Street
                                       Allegan, Michigan 49010
                                       (269) 673-0300