UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

JONATHAN KING MEYER
    Plaintiff Pro Se

V.

ALLEGAN COUNTY,
STATE OF MICHIGAN,
KEVIN CRONIN, and ROBERTS KENGIS,
    Sued in their official capacities, and
KEVIN CRONIN and ROBERTS KENGIS,
    Sued in their individual capacities,
    Defendants.

Case No.

Hon.

Magistrate Judge.

# Plaintiff's Exhibit AA

Plaintiff's Exhibit AA is the September 11, 2020 Response from the Attorney General's Office. This document supports the Plaintiff's position that the Court violated his Constitutional Rights.

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



CADILLAC PLACE
3030 WEST GRAND BOULEVARD
DETROIT, MICHIGAN 48202

**DANA NESSEL**
ATTORNEY GENERAL

September 11, 2020

Clerk of the Court
48th Circuit Court
113 Chestnut St.
Allegan, MI 49010

Re: *People v Jonathan King Meyer*
Case No. 12-017608-FC-K

Dear Clerk:

Enclosed for filing with regard to the above-referenced matter please find:

1. *Response to Defendant's Motion for Consideration;* and
2. *Proof of Service*

Please file in your usual manner. Thank you in advance for your time and consideration in this matter.

Sincerely,

Claudia Donaldson
Legal Secretary to

Kelly A. Carter (P56129)
Assistant Attorney General
Criminal Division
(313) 456-0180

/cd
Enclosures
cc: Honorable Roberts A. Kengis (with Enclosures)
Jonathan King Meyer (with Enclosures)

STATE OF MICHIGAN
CIRCUIT COURT FOR THE FORTY-EIGHT JUDICIAL CIRCUIT
ALLEGAN COUNTY

PEOPLE OF THE STATE OF MICHIGAN,

No. 12-017608-FC-K

v

HON. ROBERTS A. KENGIS

JONATHAN KING MEYER,

       Defendant.

---

KELLY A. CARTER (P56129)
Assistant Attorney General
Criminal Division
On Behalf of the People
Cadillac Place
3030 W. Grand Blvd, Ste. 10-200
Detroit, MI  48202
(313) 456-0180

---

JONATHAN KING MEYER
In Pro Per
Defendant
228 North State Street
Zeeland, MI 49464
(616)510-0106

---

## RESPONSE TO DEFENDANT'S MOTION FOR CONSIDERATION

The People of the State of Michigan by and through Attorney General, Dana Nessel and Assistant Attorney General, Kelly A. Carter, state as their response to Defendant's Motion for Reconsideration the following:

1. As to paragraph 1, the People admit the allegations for purposes of this motion.

2. As to paragraph 2, the People lack knowledge or information sufficient to form a belief as to the truth of the allegations.

3. As to paragraph 3, the People admit the allegations for purposes of this motion.

4. As to paragraph 4, the People lack knowledge or information sufficient to form a belief as to the truth of the allegations.

5. As to paragraph 5, the People admit the allegations for purposes of this motion.

6. As to paragraph 6, the People the People lack knowledge or information sufficient to form a belief as to the truth of the allegations.

7. As to paragraph 7, the People admit the allegations for purposes of this motion.

8. As to paragraph 8, the People admit the allegations for purposes of this motion.

9. As to paragraph 9, the People the People lack knowledge or information sufficient to form a belief as to the truth of the allegations.

10. As to paragraph 10, the People the People lack knowledge or information sufficient to form a belief as to the truth of the allegations.

11. As to paragraph 11, the People the People lack knowledge or information sufficient to form a belief as to the truth of the allegations.

12. As to paragraph 12, the People deny the amended Judgement of Sentence was legal, but admit the remaining allegations for purposes of this motion.

13. As to paragraph 13, the People admit the allegations for purposes of this motion.

14. As to paragraph 14, the People state that pursuant to Michigan Court Rules in effect at the time, the court did not have the authority to amend the Judgement of Sentence, sue sponte, once entered.

This case is identical to the facts in *People v Comer*, 500 Mich. 278 (2017) in that the defendant there was convicted by plea of CSC-I and accordingly subject to lifetime electronic monitoring. In *Comer,* the court, likewise, did not check the lifetime monitoring box on the Judgement of Sentence, thereby rendering the sentence invalid. The *Comer* court also, as here, sua sponte without notice to the parties, amended the invalid sentence to include the lifetime electronic monitoring. The court in *Comer* held that the trial court could not amend the invalid sentence on its own initiative. *Id.* at 298. Indeed, in response to *Comer,* in 2018, well after the court here issued its amended judgment of sentence, MCR 6.429 was amended to allow a court to sua sponte amend an invalid sentence within 6 months of the entry of judgement of sentence, but MCR 6.429 retains the hearing requirement. Thus, in this case, the court, sua sponte and without notice to the parties or providing an opportunity for the parties to be heard, improperly amended the judgement to include lifetime electronic monitoring.

Accordingly, the court must grant Defendant's Motion to Reconsider vacating the February 12, 2013 Amended Judgement of Sentence requiring lifetime monitoring, and reinstate the September 10, 2012 Judgement of Sentence without lifetime electronic monitoring.

Respectfully submitted,

DANA NESSEL
Attorney General

*[signature]*

KELLY A. CARTER (P56129)
Assistant Attorney General
Criminal Trials and Appeals Division
On Behalf of the People
Cadillac Place
3030 W. Grand Blvd, Ste. 10-200
Detroit, MI 48202
(313) 456-0180

Dated: _____September 10, 2020_____

STATE OF MICHIGAN
CIRCUIT COURT FOR THE FORTY- EIGHT JUDICIAL CIRCUIT
ALLEGAN COUNTY

PEOPLE OF THE STATE OF MICHIGAN,

No. 12-017608-FC-K

v

HON. ROBERTS A. KENGIS

JONATHAN KING MEYER

Defendant.
_____/

KELLY A. CARTER (P56129)
Assistant Attorney General
Criminal Division
On Behalf of the People
Cadillac Place
3030 W. Grand Blvd., Suite 10-350
Detroit, MI 48202
(313) 456-0180
_____

JONATHAN KING MEYER
In Pro Per
Defendant
228 North State St.
Zeeland, MI 49464
(616) 510-0106
_____/

**PROOF OF SERVICE**

The undersigned certifies that on the September 11, 2020 a copy of *Response to Defendant's Motion for Consideration* and *Proof of Service* were served on the defendant in the above-captioned case by mail to their respective address, with first class postage fully prepaid.

Claudia Donaldson