UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JONATHAN KING MEYER,

       Plaintiff,

                                        CASE No. 1:20-cv-989

v.

                                        HON. ROBERT J. JONKER

ALLEGAN COUNTY, et al.,

       Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Berens' Report and Recommendation in this matter (ECF No. 30) and Plaintiff's Objection to the Report and Recommendation (ECF No. 31). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's Objections.  After its review, the Court finds that Magistrate Judge Berens' Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends granting the defendants' Rule 12 motions and dismissing Plaintiff's Complaint.  The Magistrate Judge concluded that Plaintiff's claims against the state defendants for money damages are barred by Eleventh Amendment immunity and also that Defendant Nessel is entitled to qualified immunity with respect to the individual capacity claims alleged against her.  With respect to the remaining County Defendants, the Magistrate Judge reasons that the official capacity claims against Defendants Cronin and Kengis are barred by Eleventh Amendment immunity and that the individual capacity claims against the defendants are precluded by absolute judicial immunity. Finally, the Magistrate Judge concludes that Plaintiff's claim against the County is barred by principles of collateral estoppel.

Plaintiff's Objection does not quibble with this reasoning.  Indeed, he concedes that the Defendants are protected against suit for money damages.  He objects, however, that he was subjected to electronic monitoring for a time even after he completed his sentence, and that it was the Defendant State of Michigan's and Allegan County's policy, practice and custom in this regard that violated his constitutional rights.  He wants prospective injunctive relief for this, and Plaintiff faults the Defendants, and the Magistrate Judge, for failing to address this contention.  (ECF No. 31, PageID.430).  But Plaintiff's Objection overlooks the Magistrate Judge's correct conclusion that there is no Article III case or controversy about this policy because he is no longer subject to the restriction or the threat of it.  (ECF No. 30, PageID.421-422).  In this, the Report and Recommendation carefully, thoroughly, and accurately addresses the issue and the Court agrees, on *de novo* review, with the Magistrate Judge's recommendation for the very reasons the Report and Recommendation delineates.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 30) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** The Defendants Motions to Dismiss for Lack of Jurisdiction (ECF Nos. 6 and 15) are **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendants Motions to Dismiss (ECF Nos. 22 and 17) are **GRANTED.**

This case is **DISMISSED.**

A Judgment consistent with this Order will enter.


Dated:   March 26, 2021                    /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           CHIEF UNITED STATES DISTRICT JUDGE